UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
v. ) CAUSE NO. 2:15-CR-72
)
WILLIAM D. SALAZAR, )
)
Defendant. )

**OPINION AND ORDER**

This matter is before the court on the Motion for Bill of Particulars [DE 397] filed by the defendant, William D. Salazar, on August 30, 2016. For the reasons set forth below, the motion is **DENIED.**

*Background*

On July 21, 2016, the grand jury returned the Second Superseding Indictment against the defendant and sixteen other individuals. The defendant, William D. Salazar, currently is charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. A conviction under each charge carries a maximum penalty of life imprisonment.

The indictment indicated that the defendants were members of the "Almighty Latin Kings Nation", hereinafter "Latin Kings", and that they conspired and participated both directly and indirectly in the acts of murder, robbery, intimidation, aggravated battery, aggravated assault, and narcotics trafficking. The indictment set forth forty-nine overt acts committed in furtherance of the conspiracy. Salazar was named in the overt acts for his appointment as enforcer of the Latin King's Indiana Region and being ordered to have various members of the Latin Kings

beaten for breaking the rules of the Latin Kings. Salazar was arraigned on August 16, 2016 and pleaded not guilty.

The pending motion seeks information concerning the names of all unindicted co-conspirators; the date, time, place, and manner in which the defendant is alleged to have become a member of the conspiracies alleged in Counts I and II; and the date, time, and location of specific acts done in furtherance of the conspiracy alleged in Count I and Count II, along with the name of the individual alleged to have performed those acts. The Government filed a response to Salazar's motion on September 6, 2016 [DE 404]. Salazar did not file a reply.

*Discussion*

**Federal Rule of Criminal Procedure 7(f)** provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." ***United States v. Canino***, 949 F.2d 928, 949 (7th Cir.1991). *See also* ***United States v. Vaughn***, 722 F.3d 918, 927 (7th Cir. 2013); ***United States v. Fassnacht***, 332 F.3d 440, 446 (7th Cir. 2003); ***United States v. Glecier***, 923 F.2d 496, 501 (7th Cir. 1991); ***United States v. Andrus***, 775 F.2d 825, 843 (7th Cir. 1985).

A defendant is only entitled to know the offense with which he is charged, not all the evidence of how it will be proved. *See* ***United States v. Kendall***, 665 F.2d 126, 135 (7th Cir. 1981). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the

charges." ***United States v. Smith***, 230 F.3d 300, 306 (7th Cir. 2000). Indeed, the Seventh Circuit has held that a bill of particulars is not necessary when an indictment lays out the elements of the charged offenses, gives sufficient notice of the charges to allow the defendant to prepare a defense, gives the time and place of the accused's allegedly criminal conduct, and cites the applicable statute or statutes. ***Vaughn***, 722 F.3d at 927; *See also* ***United States v. Hernandez***, 330 F.3d 964, 975 (7th Cir. 2003); ***Fassnacht***, 332 F.3d at 446. The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved. ***Fassnacht,*** 332 F.3d at 466 (quoting ***United States v. Kendall,*** 665 F.2d 126, 135 (7th Cir. 1981)). The key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation. ***Vaughn***, 722 F.3d at 927 (quoting ***United States v. Blanchard,*** 542 F.3d 1133, 1140 (7th Cir. 2008)).

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendant through "some other satisfactory form." ***Canino,*** 949 F.2d at 949 (the government had maintained an "open-file" policy); ***Fassnacht***, 332 F.3d at 447 n. 2 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); ***Glecier,*** 923 F.2d at 501-02 (a "volume of documents and records" had been provided by the government during discovery). Adequate discovery can "satisfy the need for a bill of particulars." ***Vaughn***, 722 F.3d at 928.

For a RICO conspiracy, the Government, "need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity." ***Glecier,*** 923 F.2d at 500.

Salazar has argued that the indictment does not contain any allegation of overt acts committed by him. Yet, Count I of the indictment has alleged that Castillo appointed Salazar enforcer of the Latin Kings and Count II alleged that Salazar conspired to possess with intent to distribute five kilograms or more of marijuana, and five kilograms or more of cocaine. Salazar has argued that to prepare and investigate the case properly he needs the names of all unindicted alleged co-conspirators; the date, time, place, and manner in which the defendant is alleged to have become a member of the conspiracies alleged in Counts I and II; and the date, time, and location of specific acts done in furtherance of the conspiracy alleged in Count I and Count II, along with the name of the individual alleged to have performed those acts.

The Government has argued that the Second Superseding Indictment detailed the elements of the offense charged and the time and place of the charged conduct, and that it produced extensive discovery to Salazar to preclude a bill of particulars. The Government indicated that the indictment provided sufficient information to apprise Salazar of the nature of the charges against him. Specifically, Count I provided information regarding the Latin Kings and its purpose, the primary actors, the means and methods of the racketeering activity, the location where the enterprise is located, and acts including murders, attempted murders, and robberies. *See* ***Glecier,*** 932 F.2d at 502 (affirming the district court's denial for a bill of particulars in a RICO conspiracy case where the indictment set forth "the time period, the enterprise, the locations, the names of the primary actors, and the method, means, and nature of the racketeering activity").

The Government argued that Salazar's motion is vague and seeks specific details of how the Government intends to prove its case. As to Count 1, the Government identified the Latin Kings as a racketeering enterprise, alleged Salazar was a member of the enterprise with the

objective of continuing its racketeering activity, gave a time period for when Salazar joined and operated within the group, and the correct statutory citation. Therefore, the Government has met the standard by giving the elements of the charged offense, the time and place of the Salazar's allegedly criminal conduct, and a citation to the applicable statute.

The Government indicated that Salazar has received extensive discovery, which includes the time, place, and circumstances of acts of violence and narcotics trafficking, identities of potential witnesses, evidence obtained and inventoried, photographs and video recordings, and reports regarding the investigation. The Seventh Circuit has held that a bill of particulars is unnecessary if the information the defendant seeks is available through discovery. ***Vaughn***, 722 F.3d at 927. Therefore, the Government argued even if the indictment is insufficient, a bill of particulars is not warranted because the information to which Salazar is entitled was provided through discovery. Particularly, Salazar's request for the identity of unidentified co-conspirators was made available through discovery.

Salazar requested the Government specify the acts done in furtherance of the conspiracy. "Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a conspiracy...." ***United States v. Rodriguez***, 2009 U.S. Dist. LEXIS 38695, 13–14, 2009 WL 1110415 (E.D. Wis. 2009); ***U.S. v. Arms***, 2015 WL 3513991, at *11 (E.D. Wis. 2015). A violation of § 1962(d) does not require proof that the defendant committed two predicate acts of racketeering, that he commit two predicate acts, or that any such acts were ultimately committed by anyone. ***United States v. Tello,*** 687 F.3d 785, 792 (7th Cir. 2012). The indictment does not need to allege or prove overt acts or specific predicate acts that Salazar agreed to commit for a section 1962(d) offense.

***Glecier,*** 932 F.2d at 500. The information provided by the Government in the indictment sufficiently apprises Salazar of the charges against him and enables adequate trial preparation.

For the foregoing reasons, the Motion for Bill of Particulars [DE 397] is **DENIED.**

ENTERED this 27th day of October, 2016.

/s/ Andrew P. Rodovich
United States Magistrate Judge